**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

-----------------------------------------------------------------

|  |  |
|---|---|
| SHAMARI SMITH and NAYASIA BAKER, On Behalf of Themselves and on Behalf of All Other Similarly Situated Individuals, | ) ) ) |
|  | )         CIVIL ACTION NO. _____ |
| Plaintiffs. | ) |
| v. | )         JURY TRIAL DEMAND |
|  | ) |
| MR. HAPPY'S, INC., D/B/A MR. HAPPY'S CAFE, FREDRICK TOUPIN | ) ) ) |
|  | ) |
| Defendants. | )         AUGUST 25, 2020 |
|  | ) |

-----------------------------------------------------------------

## ORIGINAL COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

### I. SUMMARY

1.      Mr. Happy's Inc. d/b/a Mr. Happy's Cafe ("Mr. Happy's") and Fredrick Toupin (hereinafter "Defendants"), required Plaintiffs Shamari Smith and Nayasia Baker, (hereinafter "Plaintiffs") to work as exotic dancers at their adult entertainment club but refused to compensate them at the applicable minimum wage.

2.      Specifically, Defendants misclassified dancers, including Plaintiffs, as independent contractors. Plaintiffs' only compensation was in the form of tips from club patrons, the club paid no wages. Plaintiffs were also required to share their tips with Defendants and employees who do not customarily receive tips outside of a valid tip pool. Additionally, Plaintiffs were required to pay a "house fee" in order to work in the club.

3.      As a result, Defendants failed to pay Plaintiffs and all other members of the class collective minimum wage and overtime compensation, which they were entitled to under the

1

Federal Fair Labor Standards Act ("FLSA") and Connecticut State Laws and Public Acts including the Connecticut Minimum Wage Act ("CMWA").

4.      Plaintiffs bring this class and collective action against Defendants seeking damages, backpay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## II.      SUBJECT MATTER JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

6.      This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. §1367 because such claims do not raise novel or complex issues of state law, and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.

7.      Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants operate an adult entertainment club that is located in this District.

## III.      PARTIES AND PERSONAL JURISDICTION

8.      Plaintiff Shamari Smith is an individual residing in Connecticut. She worked for Defendants in Waterbury, Connecticut for over two years from January 2017 to March 2019 on a consistent basis. She lived in Waterbury, Connecticut and was Defendant's employee. Her consent is attached hereto as Exhibit "A."

9.      Plaintiff Nayasia Baker is an individual residing in Connecticut. She worked for Defendants in Waterbury, Connecticut for over two years from February 2017 to 2019 on a

consistent basis. She lived in Waterbury, Connecticut and was Defendant's employee. Her consent is attached hereto as Exhibit "B."

10.    Opt-in Plaintiffs are current or former exotic dancers who have worked at Defendants' adult entertainment club within the applicable limitations period and will file a valid consent to join this suit with the Court.

11.    The Rule 23 Class Members are all current and former exotic dancers who worked at Defendants' adult entertainment club at any time starting two years before this Complaint was filed, up to the present.

12.    Mr. Happy's Inc. is a Connecticut for profit corporation believed to be doing business as Mr. Happy's Cafe in Waterbury, Connecticut at the address 103 Homer Street, Waterbury, CT, 06704. Mr. Happy's Inc. may be served via its registered agent, Executive Maria Duarte at 103 Homer Street, Waterbury, Connecticut, 06704. Mr. Happy's Inc. is an "employer" as that term is defined in Connecticut General Statutes Section 31-71a(1).

13.    Frederick Toupin is the President of Mr. Happy's Inc. He may be served with process at 19 Brookwood Court, Prospect, Connecticut, 06712. Mr. Toupin is an "employer" as that term is defined in Connecticut General Statutes Section 31-71a(1).

14.    This Court has personal jurisdiction over Mr. Happy's Inc. because it is a Connecticut corporation with its principal place of business in Connecticut, and is therefore considered a resident of Connecticut.

15.    This Court has personal jurisdiction over Frederick Toupin because he is an individual residing in Connecticut.

## IV.   COVERAGE

16.    At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d) and Title 31 Chapter 558 of the Connecticut General Statutes.

17.     The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee."  29 U.S.C. § 203(d).

18.     Similarly, Connecticut defines "employer" broadly to mean "any owner or any person, partnership, corporation, limited liability company or association of persons acting directly as, or on behalf of, or in the interest of an employer in relation to employees, including the state and any political subdivision thereof." CONN. GEN. STAT. Sec 31-58.

19.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

20.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of $500,000.

21.     Individual president Fredrick Toupin is an employer under the FLSA because he, as the president of the club, 1) has the power to hire and fire the dancers and other employees, 2) supervises and controls employee work schedules or conditions of employment, and 3) is the individual responsible for maintaining employment records.

22.     At all material times, Plaintiffs, FLSA Class Members, and Connecticut Class Members were individual employees as defined by 29 USC § 206-207 and CONN. GEN. STAT. Sec 31-58.

## V.     FACTS

23.     Defendants operate an adult entertainment club in Waterbury, Connecticut under the name of "Mr. Happy's Cafe" ("The Club").

24.     Defendants employ exotic dancers and have employed hundreds of dancers over the years at The Club.

25.     Plaintiff Smith was previously employed as an exotic dancer at Defendants' adult entertainment club during the statutory time period.

26.     Plaintiff Smith worked on a regular basis for Defendants' establishment located in Waterbury, Connecticut.

27.     Plaintiff Smith worked at the Club from January 2017 until March 2019.

28.     Plaintiff Smith worked between 7-8 hours per shift during her employment.

29.     Plaintiff Smith never received any wages during her employment with The Club.

30.     During at least one workweek between January 2017 and March 2019, Defendants did not pay Plaintiff Smith the federally mandated minimum wage. As an illustrative example, starting in the first week of January 2017 that she worked for Defendants as a dancer, and continuing until the end of her employment with The Club, Plaintiff Smith was not paid a minimum wage.

31.     Plaintiff Baker was previously employed as an exotic dancer at Defendants' adult entertainment club during the statutory time period.

32.     Plaintiff Baker worked on a regular basis for Defendants' establishment located in Waterbury, Connecticut.

33.     Plaintiff Baker worked at the Club from February 2017 until 2019.

34.     Plaintiff Baker worked between 7-8 hours per shift during her employment.

35.     Plaintiff Baker never received any wages during her employment with The Club.

36.     During at least one workweek between January 2017 and 2019, Defendants did not pay Plaintiff Baker the federally mandated minimum wage. As an illustrative example, starting in

the first week of January 2017 that she worked for Defendants as a dancer, and continuing until the end of her employment with the club, Plaintiff Baker was not paid a minimum wage.

37.     Similarly, Opt-In Plaintiffs and Connecticut Class Members did not work a single hour at the club where they were paid the federally mandated minimum wage of $7.25 an hour or the state mandated minimum wage of $10.10 under Connecticut Public Act No. 14-1 effective January 1, 2017. The previous minimum wage in Connecticut in 2016 was $9.60, and the minimum wage after October 1, 2019 became $11.00 per hour.

38.     Plaintiffs, FLSA Class Members, and Connecticut Class Members were compensated exclusively through tips from Defendants' customers.  That is, Defendants did not pay them whatsoever for any hours worked at its establishment.

39.     Furthermore, Defendants charged Plaintiffs, FLSA Class Members a house fee per shift worked. In other words, they had to pay to work at The Club and sometimes completed a full shift only to owe The Club money.

40.     Defendants also required Plaintiffs, FLSA Class Members, and Connecticut Class Members to share their tips with other non-service employees who do not customarily receive tips such as security.

41.     Plaintiffs, FLSA Class Members, and Connecticut Class Members received tips and/or dance fees from Defendants' customers but no other form of payment from their employer.

42.     The money received by the club after a shift of dance performances was not included in Defendants' gross sales receipts and was not disbursed in any way as wages to any workers.

43.     Defendants illegally classified the dancers as independent contractors.  However, at all times, Plaintiffs, FLSA Class Members, and Connecticut Class Members were employees of

Defendants under both Federal and State law. At all times, Defendants required Plaintiffs and other exotic dancers to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendants.

44.     Defendants hired/fired, issued pay, supervised, directed, disciplined, and performed all other duties generally associated with that of an employer with regard to the dancers.

45.     The following non-exhaustive list of policies and procedures actually implemented further during the relevant statutory period demonstrates the dancers' status as employees:

a.     Defendants force Plaintiffs to pay at least $30 as a minimum "house fee" to dance on stage at the club every shift, and the amount of the fee increases depending on the time of night;

b.     Defendants unilaterally make the decision not to pay any wages to dancers;

c.     Defendants provide the dancers with music, stages, poles, and other tools to perform dances, the dancer only provides her own body;

d.     Defendants mandate that dancers pay a minimum tip out of $15 to the security guards; club managers make sure the dancers tip security;

e.     Defendants' managers monitor the tips given to dancers on stage by patrons and arbitrarily demand money if they see a dancer making money on stage;

f.     Dancers are required to be at the club for a minimum 4 nights a week, and are threatened with more house fees or termination if they do not comply;

g.     Defendants require dancers to dance on stage for a minimum number of songs in order to attract customers;

h.     Defendants apply fines/fees to the dancers if they fail to follow Defendants' guidelines or directions; they play favorites with the dancers and prevent

those who do not follow all their rules from working;

i.  Defendants maintain the premises – including the stager, and a state-of-the-art audio set up;

j.  Defendants hire all employees of the club – the dancers, DJ's, bouncers, managers, and employ dozens of dancers at one time;

k.  Defendants employ many dancers, including the named Plaintiffs, for several months at least;

46.  Defendants misclassified Plaintiffs, FLSA Class Members, and Connecticut Class Members as independent contractors to avoid Defendants' obligation to pay them pursuant to the FLSA and State law.

47.  Plaintiffs, FLSA Class Members, and Connecticut Class Members constituted the workforce without which Defendants could not perform their services.

48.  Plaintiffs, FLSA Class Members, and Connecticut Class members are not exempt from the minimum wage and overtime requirements under the FLSA and Connecticut state labor laws.

49.  Defendants' method of paying Plaintiffs and Class Members in violation of the FLSA is willful and is not based on a good faith and reasonable belief that its conduct complied with the FLSA or State Labor Laws.

50.  Defendants misclassified Plaintiffs and FLSA Class Members with the sole intent to avoid paying them in accordance with the FLSA. There are multiple federal court opinions finding that this method of compensation is in violation of the FLSA, and therefore, Defendants' conduct is willful.

## VI.     CAUSES OF ACTION

### COUNT I: VIOLATION OF 29 U.S.C. § 206 (COLLECTIVE ACTION)

51.     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

52.     Defendants' willful practice of failing to pay Plaintiffs and FLSA Class Members at the required minimum wage rate violates the FLSA and was not based in good faith. 29 U.S.C. § 206.

53.     The FLSA required that Defendants allow Plaintiffs and other similarly situated exotic dancers to keep all tips and gratuities received from customers. As set forth above, Defendants failed to pay Plaintiffs and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements. Without legal excuse or justification, Defendants kept and/or assigned to management tips and gratuities received by Plaintiffs and other exotic dancers and belonging to Plaintiffs and other exotic dancers.

54.     As also alleged above, Defendants' practice of collecting house fees from the dancers also violates the law.

55.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate or the required overtime rate are applicable to the Defendants or the Plaintiffs.

### COUNT II: VIOLATION OF CONNECTICUT STATE LABOR LAWS FOR FAILURE TO PAY MINIMUM WAGE AND OVERTIME (CLASS ACTION)

56.     Plaintiffs, on behalf of themselves and the members of the Connecticut Class incorporate by reference the paragraphs above.

57.     At all relevant times, Defendants have employed, and/or continues to employ, Plaintiffs and each of the Connecticut Class Members within the meaning of the CMWA.

58.     Pursuant to Connecticut General Statues Section 31-58(i), Connecticut's minimum wage was $10.10 during the period from January 1, 2017 to October 1, 2019. Prior to this period, the minimum wage was $9.60, and the minimum wage became $11.00 after this period.

59.     At relevant times in the period encompassed by this Complaint, Defendants have a willful policy and practice of improperly classifying Plaintiffs and dancers as independent contractors and, consequently, failing to pay these individuals the applicable Connecticut Minimum Wage for each hour worked.

60.     Pursuant to Defendants' compensation policies, Defendants improperly classified Dancers as independent contractors rather than pay Plaintiffs and dancers the Connecticut minimum wage.

61.     As a result of Defendants' willful practices, Defendants were not entitled to pay Plaintiffs and the members of the Connecticut Class less than the Connecticut minimum wage for all hours worked.

62.     Defendants have violated and continue to violate the CMWA and Conn. Gen. Stat. §§ 31-60 et seq.

63.      Due to the Defendants' violations, Plaintiffs, on behalf of themselves and the members of the Connecticut Class, are entitled to recover from Defendants the amount of unpaid minimum wages, attorney's fees, and costs.

## COUNT III – FAIR LABOR STANDARDS ACT, 29 U.S.C. § 203 (UNLAWFUL TIP SHARING – COLLECTIVE ACTION)

64.     As set forth above, Defendants' failure to allow their exotic dancers to retain all their tips by requiring them to "tip out" employees who do not customarily and regularly receive tips violates the Fair Labor Standards Act, 29 U.S.C. § 203(m). Plaintiffs bring this claim on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b).

## COUNT IV: FAILURE TO PAY OVERTIME (COLLECTIVE ACTION)

65.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs.

66.     This count arises from Defendants' violation of the FLSA for its failure to pay Plaintiffs and FLSA Class Members overtime based on the FLSA's time and a half formula.

67.     For each hour worked in excess of 40 each week, Plaintiffs and FLSA Class Members were entitled to be paid one and one-half times their regular rates of pay.  29 U.S.C. § 207.

68.     By failing to pay overtime based on that formula, Defendants have violated and continue to violate the FLSA.

69.     No exemption contained in the FLSA, its implementing regulations, or recognized by any court of the United States permits an employer in Defendants' position to skirt its obligation to pay overtime to an employee situated in the position of the Plaintiffs and FLSA Class Members.

70.     Defendants' failure to pay overtime to Plaintiffs and FLSA Class Members, in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA.

71.     As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

## COUNT V: UNJUST ENRICHMENT (CLASS ACTION)

72.     Due to the facts as pled above, Plaintiffs have conferred a benefit upon the Defendants. The Defendants have knowledge of the benefit conferred and continue to retain that benefit undeservedly. Defendants voluntarily accepted and retained such benefit, because Plaintiffs worked for Defendants, Defendants permitted Plaintiffs to work for him and his business,

and because Defendants chose to maximize the business's profit at the expense of Plaintiffs and Class Members.

73.     It would be inequitable and unjust for Defendants to continue to retain the benefit, as Plaintiffs conferred a benefit on Defendants which Defendants kept for themselves.

## VII.   COLLECTIVE AND CLASS ALLEGATIONS

### A.    FLSA Class Members

74.     Plaintiffs bring this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three years prior to the commencement of this action to present.

75.     Plaintiffs have actual knowledge that FLSA Class Members have also been denied pay at the federally mandated minimum wage rate. That is, Plaintiffs worked with other dancers who worked at The Club. As such, Plaintiffs have first-hand personal knowledge of the same pay violations at The Club for other dancers. Furthermore, other exotic dancers at Defendants' establishment have shared with Plaintiffs similar pay violation experiences including wage and tip confiscations, as those described in this complaint.

76.     Other employees similarly situated to the Plaintiffs work or have worked for Defendants' gentlemen's club business but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded 40 hours per workweek.  Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

77.     FLSA Class Members perform or have performed the same or similar work as Plaintiffs.

78.     FLSA Class Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

79.     As such, FLSA Class Members are similar to Plaintiffs in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of minimum wage.

80.     Defendants' failure to pay for hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

81.     The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the FLSA Class Members.

82.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

83.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

84.     Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula.  The claims of all FLSA Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

85.     As such, Plaintiffs bring their FLSA minimum wage claims as a collective action on behalf of the following class:

> **The FLSA Class Members are all of Defendants' current and former exotic dancers who worked for Defendants at any time starting three years before this lawsuit was filed up to the present.**

**B.     Connecticut Rule 23 Class Action**

86.     Plaintiffs and the Connecticut Class Members incorporate all preceding paragraphs as though fully set forth herein.

13

87.     Defendants willfully violated Connecticut General Statute § 31-58 and refused to pay dancers minimum wages and other owed wages (such as wages confiscated via forced tip outs and house fees.)

88.     Plaintiffs brings their Connecticut wage claims as a Rule 23 class action on behalf of the following class:

> **All of Defendants' current and former exotic dancers who worked for Defendants at any time starting two years before this lawsuit was filed up to the present.**

89.     <u>Numerosity</u>.  The number of members in the Connecticut Class is believed to be well over 40. This volume makes bringing the claims of each individual member of the class before this Court impracticable.  Likewise, joining each individual member of the Connecticut Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the Connecticut Class may be determined from Defendants' employment files, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Connecticut Class and Defendants.

90.     <u>Typicality</u>.  Plaintiffs' claims are typical of the Connecticut Class because, like the members of the Connecticut Class, Plaintiffs were subject to Defendants' uniform policies and practices and was compensated in the same manner as others in the Connecticut Class.  Defendants failed to pay non-exempt employees who worked at the club minimum wage for all of their hours worked. Plaintiffs and the Connecticut Class have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices which failed to comply with Connecticut law.

91.    <u>Adequacy</u>.  Plaintiffs are a representative party who will fairly and adequately protect the interests of the Connecticut Class because it is in their interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Connecticut law.  Plaintiffs have retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiffs do not have any interest which may be contrary to or in conflict with the claims of the Connecticut Class they seek to represent.

92.    <u>Commonality</u>.  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

      A.    Whether Defendants failed to pay Plaintiffs and Connecticut Class the minimum wage for all hours worked;

      B.    Whether Defendants failed to pay Plaintiffs and Connecticut Class an overtime rate for all hours worked;

      C.    Whether Defendants took wages and tips from dancers to run their business in violation of Connecticut Wage Laws.

93.    The common issues of law include, but are not limited to:

      A.    Whether Defendants improperly classified Plaintiffs and the Connecticut Class as independent contractors;

      B.    Whether Plaintiffs and the Connecticut Class are entitled to compensatory damages;

      C.    The proper measure of damages sustained by Plaintiffs and the Connecticut Class; and

      D.    Whether Defendants' actions were "willful."

94.    Superiority.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the Connecticut Class could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Connecticut Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

95.    A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Connecticut Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. The identity of members of the Connecticut Class is readily identifiable from Defendants' records.

96.    This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on the Defendants to prove it properly compensated its employees; and (3) the burden is on the Defendants to accurately record hours worked by employees.

97.    Ultimately, a class action is a superior forum to resolve the Connecticut claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiffs and the Connecticut Class according to applicable Connecticut laws.

98.    Nature of notice to be proposed.  As to the Rule 23 Class, it is contemplated that notice would be issued giving putative class members an opportunity to opt out of the class if they

so desire, i.e. "opt-out notice." Notice of the pendency and resolution of the action can be provided to the Connecticut class by mail, electronic mail, print, broadcast, internet, and/or multimedia publication.

## VIII.   DAMAGES SOUGHT

99.     Plaintiffs, FLSA Class Members, and Connecticut Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the mandated minimum wage rate under state law and federal law.

100.     Plaintiffs, FLSA Class Members, and Connecticut Class Members are entitled to recover compensation for the hours they worked over 40 in a workweek for which they were not paid at the mandated overtime wage rate under federal and state law.

101.     Plaintiffs, FLSA Class Members, and Connecticut Class Members are also entitled to recover all of the money Defendants misappropriated, such as house fees, forced tips, and wages taken after their performances.

102.     An award of statutory liquidated damages in amounts prescribed by the FLSA.

103.     An award of double damages as set forth in Connecticut General Statues Section 31-68 and 31-72.

104.     Prejudgment and post-judgment interest on unpaid back wages pursuant to the FLSA.

105.     An award of attorneys' fees and costs under the FLSA and Connecticut General Statutes Sections 31-68 and 31-72.

### PRAYER FOR RELIEF

For these reasons, Plaintiffs, FLSA Class Members, and Connecticut Class Members respectfully request that judgment be entered in their favor awarding the damages requested above.

Plaintiffs also request for such other and further relief to which Plaintiffs, FLSA Class Members, and Connecticut Class Members may be entitled, at law or in equity.

**PLAINTIFFS,**
SHAMARI SMITH and NAYASIA BAKER,
On Behalf of Themselves and on Behalf of
All Other Similarly Situated Individuals


By:  /s/ *Stuart M. Katz*
        Stuart M. Katz, Esq.
        Federal Bar No. ct12088
        Cohen and Wolf, P.C.
        1115 Broad Street
        Bridgeport, CT  06604
        Tele:  (203) 368-0211
        Fax:   (203) 337-5505
        E-mail: skatz@cohenandwolf.com


By:  /s/ *David W. Hodges*
        David W. Hodges
        Texas State Bar No. 00796765
        ***Pro Hac Vice Forthcoming*
        dhodges@hftrialfirm.com
        Tej Singh
        Texas State Bar No. 24103935
        ***Pro Hac Vice Forthcoming*
        tsingh@hftrialfirm.com
        Hodges & Foty, L.L.P.
        4409 Montrose Blvd., Suite 200
        Houston, TX 77006
        Telephone: (713) 523-0001
        Facsimile: (713) 523-1116

        LEAD ATTORNEYS IN CHARGE FOR
        PLAINTIFFS AND CLASS MEMBERS